**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STEPHAN WURTH,<br><br>Plaintiff,<br><br>v.<br><br>THE DAILY CALLER, INC.,<br><br>Defendant. | **Case No.:** |

**COMPLAINT AND JURY DEMAND**

Plaintiff Stephan Wurth ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, for his Complaint alleges as follows:

**SUBSTANCE OF THE ACTION**

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2.      Plaintiff is a successful and award winning international photographer, who resides at 600 NE 27th Street #705, Miami, Florida.

3.      Defendant The Daily Caller, Inc. ("Defendant") is a limited liability company organized under the law of Delaware.  On information and belief, Defendant has a principal place of business at 1050 17th Street, NW, Suite 900, Washington, DC  20036.

4.      At all times relevant to the claims asserted in this lawsuit, Defendant owned and operated dailycaller.com, a commercial website that posts photographs, stories and other content in order to attract viewers and generate advertising revenue.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendant is proper.  Defendant is organized under Delaware law, it conducts business in this District and has committed torts in this state, including without limitation the copyright infringement giving rise to this lawsuit.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

8.      Plaintiff is noted for his iconic documentary and portrait photography, including portraits of celebrities.  Among the many stylized and valuable photographs of celebrities he has taken, Plaintiff is the original author of a photographic image of actress and model Rosie Huntington Whiteley (the "Copyrighted Work").  Attached hereto as **Exhibit A** is a copy of the original photographic image that is the Copyrighted Work.

9.      On July 12, 2012, Plaintiff obtained a registration of the Copyrighted Work (among other photographic works) with the United States Copyright Office, identifying the Copyrighted Work in his application as "Rosie Huntington Whiteley 3."  Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VA 1-833-155 obtained from the United States Copyright Office.

**B.     Defendant's Unlawful Activities**

10.     The Copyrighted Work was timely registered prior to Defendant's infringement.

11.     In June 2015, Plaintiff discovered that Defendant was infringing his exclusive copyright in the Copyrighted Work.

12.     Specifically, Plaintiff discovered the Defendant reproduced, distributed and publicly displayed the Copyrighted Work, without Plaintiff's authorization, at the following website URL's:

- http://cdn01.dailycaller.com/wp-content/uploads/2014/09/tumblr_m5vjs0h4sW1qan1eeo1_1280-e1411052617941.jpg;

- http://dailycaller.com/2014/09/18/this-victorias-secret-model-decided-not-to-wear-a-shirt-under-her-blazer-photos/

13.     Copies of Defendant's infringing reproductions, distribution and public display of the Copyrighted Work are attached hereto as **Exhibit C**.

14.     Defendant's unauthorized reproductions, distribution, and public display of the Copyrighted Work shall be referred to hereinafter as the Infringing Works.

15.     Defendant created, displayed and used the Infringing Works for the commercial purposes of promoting its website to the public and profiting from the advertising revenue generated by viewership of its website.  Defendant sought to profit, and has profited, from the Infringing Works, with the intention of not paying the Plaintiff for a  license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Work.

16.     On information and belief, Defendant has similarly appropriated for its own commercial use and profit copyrighted works, including photographic images, created by others, without authorization and without compensation being paid, for commercial use on its website. These repeated acts of copyright infringement evidence a business practice or policy of the

Defendant to take copyright materials created by others and convert them to its own commercial use without paying any compensation, forcing copyright owners to discover the infringement and take action to challenge it, only to then cease such infringing use while still refusing to pay any compensation.

17.     On information and belief, because Defendant is a media company that creates and protects its own copyright materials, it has a sophisticated knowledge of U.S. copyright laws and protections.

18.     On information and belief, because of its experience in creating and protecting its own copyright materials, Defendant is aware that the copyrights in photographs that Defendant may find on the internet are owned by either the photographer or someone who has obtained an assignment or exclusive license from the photographer, and that Defendant may not simply appropriate photographs found on the internet for its own commercial use without paying compensation to the owners of those copyrights.

19.     On information and belief, Defendant's failure to implement and/or maintain any controls or limitations on its employees' reproduction and display of copyright materials on the Defendant's website constitutes reckless disregard for the rights of copyright authors and photographers, such as the Plaintiff.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

20.     Plaintiff realleges paragraphs 1 through 19 above and incorporates them by reference as if fully set forth herein.

21.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

4

Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

22.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's Infringing Works.

23.     By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in the Copyrighted Work, in violation of the Copyright Act, 17 U.S.C. §501, including the rights to reproduce, distribute and publicly display the Copyrighted Work.

24.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, or at minimum in reckless disregard of Plaintiff's rights, and Defendant has profited at the expense of Plaintiff because of its infringement.

25.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work, and in addition, Plaintiff is entitled to recover non-duplicative damages based on a disgorgement of Defendant's profits connected to its uses of the Infringing Work, pursuant to 17 U.S.C. § 504(b).

26.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to an award of statutory damages, up to an maximum amount of $150,000, as a result of Defendant's willful infringement of the Copyrighted Work, or up to an maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

27.     Plaintiff is entitled to an award of his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

28.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work in violation of the Copyright Act;

2.     A declaration that such infringement has been willful;

3.     An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. §§ 504(c);

4.     An awarding of Plaintiff's costs and expenses incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

5.     An awarding of interest, including pre-judgment interest, on the foregoing sums;

6.     An order permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a)     directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

    (b)      directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work or Infringing Work.

7.        For such other and further relief as the Court may deem just and proper.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: October 25, 2016

Respectfully Submitted

**DUANE MORRIS LLP**

*/s/ Oderah C. Nwaeze*

Oderah C. Nwaeze (I.D. No. 5697)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware  19801
Tel: (302) 657-4900
Fax: (302) 657-4901
onwaeze@duanemorris.com

*Attorneys for Plaintiff*
*Stephan Wurth*